*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARTHA ISIDRO MENDOZA,<br><br>　　　　Debtor. | Case No. 23-90021-E-7 |
| MARTHA ISIDRO MENDOZA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FRANCHISE TAX BOARD, a California political subdivision; DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Adv. Proc. No. 24-9005<br>Docket Control No. DPL-2 |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

## MEMORANDUM OPINION AND DECISION

### GRANTING MOTION TO DISMISS THE SECOND AND FOURTH CLAIMS FOR RELIEF IN PLAINTIFF-DEBTOR'S COMPLAINT

Defendant Creditor[1] the California Franchise Tax Board ("Defendant-FTB") moves this court for an order dismissing the Second and Fourth Claims for Relief of the Complaint for lack of subject matter jurisdiction, or in the alternative abstain from adjudicating the Second and Fourth Claims for Relief. Defendant-FTB requests these Claims for Relief be dismissed for lack of subject matter jurisdiction, arguing 11 U.S.C. § 505(a)(2)(A) deprives this court of subject matter jurisdiction. In

---

[1] Proof of Claim 5-1 filed in Plaintiff-Debtor's Bankruptcy Case, 23-90021.

the alternative, Defendant-FTB asks this court to abstain from adjudicating Second and Fourth Claims for Relief to 28 U.S.C. § 1334(c)(1) and 11 U.S.C. § 505(a)(1). Defendant-FTB states with particularity as to the relief sought:

> 1. This Court must dismiss the Second and Fourth Claims for Relief because 11 U.S.C. § 505(a)(2)(A) deprives it of subject matter jurisdiction. During undersigned counsel's investigation into this matter, counsel discovered, and Mendoza never disclosed, that she had previously litigated the very same federal tax liabilities at issue in this Adversary Proceeding in the United States Tax Court. That pre-petition litigation concluded when the United States Tax Court entered a decision. Thus, Mendoza's federal tax liabilities were contested and adjudicated by a tribunal of competent jurisdiction before the commencement of her bankruptcy proceeding, and 11 U.S.C. § 505(a)(2)(A) deprives this Court of subject matter jurisdiction to redetermine those liabilities.

Motion, p. 2:4-12; Docket 39.

> 2. Alternatively, abstention is appropriate as to the Second and Fourth Claims for Relief under 28 U.S.C. § 1334(c)(1) and 11 U.S.C. § 505(a)(1). The outcome of this Adversary Proceeding does not have any effect on the administration of Mendoza's Chapter 7 bankruptcy case. Notably, the Chapter 7 Trustee filed a Report of No-Distribution, and there was no distribution to any creditors in Mendoza's bankruptcy case. Regardless of the outcome of the tax dispute, there is nothing more to be done in this bankruptcy case other than to close it, again. Further, the state and federal tax issues predominate the dispute and requires application of difficult and unsettled law. These and other considerations weigh in favor of abstention as to the Complaint's Second and Fourth Claims for Relief.

*Id.*; p. 2:13-21.

The Second Claim for Relief (Disallowance of Claim) requests the court disallow any claim of Defendant-FTB and cancel the tax lien asserted by Defendant-FTB. Complaint, pp. 5:28- 6:11; Dckt. 1. Second Claim for Relief seeks to determine that Proof of Claim 5-1 of the Defendant-FTB is dischargeable as the claim falls outside the parameters of 11 U.S.C. § 523(a)(1)(B)(ii).[2] The

---

[2] 11 U.S.C. § 523(a)(2)(ii) provides that a tax debt will not be discharged if a return or equivalent report or notice, if required, "was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; . . . ." Defendant-FTB has not asserted that the Plaintiff-Debtor's 2012 and 2013 State tax debts are nondischargeable becaise a notice or report was given after it was last due, but asserts that these tax debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i) because such notices or reports were never given.

The court has granted Defendant-FTB Partial Summary Judgment on the First Claim for Relief that the tax debts for 2012 and 2013 are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i).

2

Second Claim for Relief also seeks to establish that the claim is against the "ex-spouse" and cannot be enforced against Plaintiff-Debtor. Therefore, the Claim of Defendant-FTB should be disallowed. *Id.*

The Fourth Claim for Relief (Declaratory Relief), requests the court determine that the IRS assessment was not accurate, and therefore Defendant-FTB's assessment that relied on the IRS assessment and adjusted gross income could not be accurate. Plaintiff-Debtor requests in the Fourth Claim for Relief that the court "declare" that the California tax liabilities claimed by Defendant-FTB be discharged, or that the Defendant-FTB tax liability is not owed because the taxes were not properly assessed. Complaint, ¶¶ 44-49; Dckt. 1.

**Defendant-FTB's Pleadings in Support**

Defendant-FTB filed in support of their Motion a Memorandum of Points and Authorities (Docket 43) ("Memo"), the Declaration Donny P. Le, Esq., (Docket 42), and various Exhibits (Dockets 44-45). Mr. Le authenticates the Exhibits filed in support in his Declaration.

In its Points and Authorities, Defendant-FTB asserts that the analysis for the court here would be the same under 11 U.S.C. § 505(a) or 28 U.S.C. § 1334(c)(1). Mem. 10:27-11:7. Ultimately, Defendant-FTB seeks dismissal of Second and Fourth Claims for Relief Four because the court lacks subject matter jurisdiction pursuant to 11 U.S.C. § 505(a)(2)(A).

**Plaintiff-Debtor's Opposition**

Plaintiff-Debtor filed pleadings in opposition on March 28, 2025. Dckts. 53-54. Plaintiff-Debtor testifies in her Declaration in support of the Opposition:

    1.    The tax disputes for the years 2012 and 2013 were largely assessed against her for a one-half interest in community property with her ex-spouse, Roberto Arredondo, resulting from income taxes owed by Mr. Arredondo running a business. The property was solely Mr. Arredondo's and was improperly assessed against Plaintiff-Debtor. Decl. ¶ 12, Docket 53.

    2.    Plaintiff-Debtor and Mr. Arredondo were separated in 2010 so it the property in question could not have been community property. *Id.* at ¶ 6.

    3.    Plaintiff-Debtor does not recognize the Tax court Decision and testifies she never signed any of the documents in that case. *Id.* at ¶ 13.

    4.    Plaintiff-Debtor has never had a trial on the merits of her tax liability she allegedly owes. *Id.* at ¶ 16.

|   |   |   |
|---|---|---|
| 1 | 5. | Plaintiff-Debtor was never made aware of the reporting requirement of Revenue and Taxation Code § 18622(a) by the Defendant-FTB or IRS. This is a violation of her due process. *Id.* at ¶¶ 19, 20. |
| 3 | 6. | The IRS reported to Defendant-FTB the change in assessment, so the requirements of Revenue and Taxation Code § 18622(a) have been met and the debt is not excepted form discharge. *Id.* at ¶ 23. |

Plaintiff-Defendant has filed the Declaration of Roberto Arredondo in support of the Opposition, in which he testifies:

1. He and Plaintiff-Debtor separated with the intent to terminate the marriage in September of 2010. Decl. ¶ 2, Docket 54.
2. The business income from 2012 and 2013 assessed against Plaintiff-Debtor was solely Mr. Arredondo's separate property. *Id.* at ¶ 3.
3. The IRS assessment is overstated and Mr. Arredondo is working on filing amended returns for the years 2012 and 2013. *Id.* at ¶ 8.

**Defendant-FTB Reply**

Defendant-FTB filed a Reply on April 9, 2025. Docket 59. Defendant-FTB discusses dismissing Second and Fourth Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(1) for a lack of subject matter jurisdiction given the court cannot determine the Plaintiff-Debtor's tax liability pursuant to 11 U.S.C. § 505(a).

## PRIOR GRANTING OF PARTIAL SUMMARY JUDGMENT
## FOR DEFENDANT-FTB ON THE FIRST AND THIRD CLAIMS FOR RELIEF

In the First Claim for Relief Plaintiff-Debtor requests that the court determine that Plaintiff-Debtor's tax debts assessed by the State of California for the 2012 and 2013 tax years are dischargeable. The court has granted Defendant-FTB's Motion for Partial Summary Judgment (Mtn., Dckt. 28; DCN: DPL-1) on this First Claim for Relief, determining that the tax debts for 2012 and 2013 are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). Memorandum Opinion and Decision; Dckt. 51. The granting of Partial Summary Judgment was made expressly without prejudice to allow Plaintiff-Debtor to seek to vacate, modify, or otherwise correct the Federal Tax Court Decision that was based on the IRS assessment of additional adjusted gross income (millions of dollars) from a used car business operated by Roberto Arredondo, who Plaintiff-Debtor says was

4

her separated spouse in 2012 and 2013, and from whom she obtained a divorce in 2017.[3]

In deciding to grant the Motion for Partial Summary Judgment on the First Claim for Relief, the court considered the plain language of Federal and California Statues, the rulings of the Ninth Circuit Court of Appeals, and the undisputed evidence that the Plaintiff-Debtor did not provide notice to Defendant-FTB as required by California Law. Based on that, the court has granted Partial Summary Judgment on the First Claim for Relief that Plaintiff-Debtor's 2012 and 2013 tax debts to the State of California are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). As stated in the Memorandum Opinion and Decision Granting Partial Summary Judgment, the adjusted gross income as increased by the IRS for 2012 is $1,396,780.00 and for 2013 is $3,070,092.00 (Exhibits 6 and 7; Dckt. 37).[4]

In the Third Claim for Relief, Plaintiff-Debtor requests the court to determine the nature, extent, validity, and priority of Defendant-FTB's asserted liens against the Plaintiff-Debtor's assets. The court has granted Defendant-FTB Partial Summary Judgment determining that it has statutory tax liens on the Plaintiff-Debtor's assets. Memorandum Opinion and Decision; Dckt. 51.

**APPLICABLE LAW**

Before the court is the primary issue of a Tax Court decision adjudicating and determining the Plaintiff-Debtor's Federal tax obligations for the taxable years 2012 and 2013, the Defendant-FTB deriving their information from the Tax Court's decision pertaining to the IRS' assessment, and whether that Tax Court's decision would prevent this bankruptcy court from determining validity of Defendant-FTB's assessment pursuant to 11 U.S.C. § 505(a). 11 U.S.C. § 505(a) states [emphasis added]:

///

///

---

[3] Plaintiff-Debtor filed the Petition for Dissolution of Marriage on December 15, 2016, and the Judgment of Dissolution was entered on April 20, 2017, in the Superior Court for Sacramento County, Case No. 8005537. Exhibits 1 and 2; Dckt. 56 at p. 4 and 28, respectively. The Federal Tax Court Judgment was entered on March 28, 2017. Exhibit 6; Dckt. 44.

[4] The IRS reports dated January 25, 2022, are also filed as exhibits in support of the Motion to Dismiss. Exhibits 9 and 10; Dckt. 44.

(a)

(1)Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

**(2)The court may not so determine—**

(**A) the amount** or legality **of a tax**, fine, penalty, or addition to tax **if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title**;

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request; or

(C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired.

Case law in the Ninth Circuit has determined that "Section 505(a)(1) authorizes a bankruptcy court to determine a debtor's tax liability. But if the debtor's tax liability was contested and adjudicated by a tribunal of competent jurisdiction before the commencement of bankruptcy proceedings, then the bankruptcy court loses jurisdiction and cannot "retry" that matter:

> Section 505(a)(1) authorizes a bankruptcy court to determine a debtor's tax liability. But if the debtor's **tax liability** was contested and **adjudicated** by a tribunal of competent jurisdiction **before the commencement of bankruptcy** proceedings, **§ 505(a)(2)(A) strips the bankruptcy court of the subject matter jurisdiction it otherwise would have had under § 505(a)(1).** See Baker v. IRS (In re Baker), 74 F.3d 906, 910 (9th Cir. 1996) ("Section 505(a)(2)(A) is a jurisdictional statute that deprives bankruptcy courts of authority to decide a category of claims.").

*Mantz v. Cal. State Bd. of Equalization (In re Mantz)*, 343 F.3d 1207, 1211 (9th Cir. 2003).

In *Baker v. IRS (In re Baker)*, 74 F.3d 906, 910 (9th Cir. 1996), the Ninth Circuit Court of Appeals also concluded that the subject matter limiting provisions of 11 U.S.C. § 502(a)(2)(A) applied even when the Tax Court Judgment was entered on the stipulation of the taxpayer and the IRS:

> On its face, the Tax Court judgment establishes the *amount* of tax owed, and we agree with the Fifth Circuit's conclusion that an assessment of the amount owed "presupposes the legality of that assessment." *IRS v. Teal (Matter of Teal)*, 16 F.3d 619, 621 (5th Cir. 1994). Nor are we persuaded by the Bakers' contention that the claims were not "contested" and "adjudicated" within the meaning of the statute. According to § 505(a)(2)'s legislative history, a proceeding is contested if, prior to the bankruptcy filing, the debtor had filed a petition in the Tax Court and the IRS had filed an answer. See 124 Cong. Rec. 32250, 32413 (Sept. 28, 1978) (statement of Rep. Edwards). This definition has been adopted by the few courts that have considered the issue, and we see no reason to depart from it. *See Matter of Teal, 16 F.3d at 621 n.4*; *Richcreek v. IRS,* 1988 U.S. Dist. LEXIS 17335, 1988 WL 81527, at * 3 (S.D. Ind., Mar. 22, 1988). The Tax Court "adjudicated" the Bakers' tax liability when it entered judgment against them. A matter is adjudicated "when a 'judgment of a court of competent jurisdiction' has been decreed." *Matter of Teal*, 16 F.3d at 621 (quoting Black's Law Dictionary 42 (6th ed. 1990)). The Bakers argue a stipulated judgment is not an adjudication because it is not a decision "reached based upon evidence presented to the court." We decline to adopt this view. If the statute were read as the Bakers suggest, the IRS would be forced to fully litigate all Tax Court cases to foreclose petitioners from relitigating their tax liability in bankruptcy court. Section 505(a)(2)(A)'s legislative history makes it clear that no such result is required. A case not tried on the merits can nonetheless be "adjudicated" within the meaning of the statute. *See* 124 Cong. Rec. 32250, 32413 (Sept. 28, 1978) (statement of Rep. Edwards) (provided a petition and answer were filed in Tax Court, a subsequent default judgment bars bankruptcy courts from relitigating the debtor's tax liability). Because the Bakers' tax liability was contested before and adjudicated by a court of competent jurisdiction, § 505(a)(2)(A) applies.

*Id*. at 909-910.

The Ninth Circuit in *Baker* also expressly addressed that a debtor could not use Federal Rule of Civil Procedure 60(b), which is incorporated into Federal Rule of Bankruptcy Procedure 9024, to try and collaterally attack the Federal Tax Court Judgment.

> We also reject the Bakers' argument that, even if § 505(a)(2)(A) applies, the statute should not preclude a court from granting equitable relief under Fed. R. Civ. P. 60(b). Section 505(a)(2)(A) is a jurisdictional statute that deprives bankruptcy courts of authority to decide a category of claims. *Matter of Teal*, 16 F.3d at 622. By enacting a statute that is jurisdictional in nature, "Congress did not leave bankruptcy courts the discretion to disregard tax court adjudications and concomitantly seize jurisdiction out of equitable concerns." *Id.* Although the Bakers' situation is unfortunate, they may not use Rule 60(b) to override the Bankruptcy Court's jurisdictional limitations.

*Id*. at 910.

More recently, in *Berkovich v. Cal. Franchise Tax Bd. (In re Berkovich)*, 15 F.4th 997, 1005 (9th Cir. 2021), the Ninth Circuit Court of Appeals addressed the exact issues raised in this Adversary Proceeding – the requirements of Revenue and Taxation Code § 18622(a), and its application to 11 U.S.C. § 523(a)(1)(B)(i). In *Berkovich v. Cal. Franchise Tax Bd.* the Ninth Circuit

7

1   Court of Appeals affirmed and adopted verbatim the Bankruptcy Appellate Panel Decision,
2   *Berkovich v. Cal. Franchise Tax Bd. (In re Berkovich)*, 619 B.R. 397 (9th Cir. B.A.P. 2020).

3   The facts in *Berkovich* and the present Adversary Proceeding line up very closely: (1) State
4   and Federal tax returns were filed, (2) the IRS assessed additional federal taxes based on a
5   determination of the debtor having additional income, (3) the debtor did not report or give notice
6   of change in the federal taxes to Defendant-FTB as required by Revenue and Taxation Code
7   § 18622(a), (4) Defendant-FTB learned of the additional taxable income from the IRS, (5) the debtor
8   did not challenge the assessment of the additional taxes by Defendant-FTB, (6) the debtor filed
9   bankruptcy, and (7) the debtor was granted a discharge in the bankruptcy case. Two differences are
10  that it does not appear that the debtor in *Berkovich* asserted that there was an error in a Decision of
11  the Federal Tax Court and in Berkovich it was the Franchise Tax Board that filed the complaint to
12  obtain a determination that the increased tax obligations were not dischargeable as provided in
13  11 U.S.C. § 523(a)(1)(B)(i).

14  The Ninth Circuit Court of Appeals in *Berkovich* concluded that based on the plain language
15  of 11 U.S.C. § 523(a)(1)(B)(i) that the failure to provide notice to Defendant-FTB of the IRS change
16  in any item to be reported on a Federal tax return, including gross income or tax, renders the tax debt
17  to the State of California for the year in which the change is made nondischargeable.

> The report required under RTC section 18622(a) furnishes the state tax authority with information needed to ascertain the taxpayer's state tax liability. For purposes of § 523(a)(1)(B), the report is equivalent to a return, and the failure to file such a report excepts the tax debt from discharge.
>
> . . .
>
> The bankruptcy court did not err in granting the [Franchise Tax Board] summary judgment. The report required by RTC section 18622(a) is an "equivalent report or notice" under § 523(a)(1)(B). Mr. Berkovich does not dispute that he failed to file such report with the [Franchise Tax Board] following the IRS's assessment. Thus, his state tax debts for the relevant tax years are excepted from discharge under § 523(a)(1)(B). We AFFIRM.

*Berkovich v. Cal. Franchise Tax Bd.(In re Berkovich)*, 15 F.4th 997, 1005. (9th Cir. 2021).[5]

---

[5] A substantially more robust discussion of these cases, the lack of subject matter jurisdiction to "retry" Federal Tax Court Decisions, and the liens asserted by Defendant-FTB can be found in this Court's Memorandum Opinion and Decision granting the Partial Summary Judgments. (Dckt 51.)

With respect to a Motion to Dismiss, Federal Rule of Bankruptcy Procedure 12(b) provides the following:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> > (1) lack of subject-matter jurisdiction;
> > (2) lack of personal jurisdiction;
> > (3) improper venue;
> > (4) insufficient process;
> > (5) insufficient service of process;
> > (6) failure to state a claim upon which relief can be granted; and
> > (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Defendant-FTB asserts that there is a lack of subject matter jurisdiction and that the Second and Fourth Claims for Relief in the Complaint fail to state a claim upon which relief (determination of the tax debts owed to the State of California for 2012 and 2013) can be granted.

**Granting of Motion and Dismissing Without Prejudice the Second Claim for Relief**

In the Second Claim for Relief stated in the Complaint, albeit slightly more subtly, Plaintiff-Debtor again predicates her request for relief from the premise that the IRS tax assessment was improperly done. Second Claim for Relief states:

> 31. The claim of Franchise Tax Board consisted of audit assessments pertaining to the tax liability of the [Plaintiff-Debtor's] ex-spouse for personal tax obligations for the years 2012 and 2013. Under 11 U.S.C. §523(a)(l)(ii), the liability of these tax claims are dischargeable. The [Plaintiff-Debtor] does not owe the claimed tax liability and is not responsible for her ex-spouse's taxes.
>
> 32. Inasmuch as the tax claims for 2012 and 2013 are dischargeable and are not entitled to priority. The ex spouse's taxes are unenforceable as to the [Plaintiff-Debtor].
>
> 33. The Proof of Claim providing for the tax periods for 2012 and 2013 should be disallowed.

Complaint, p. 6:1-11; Dckt. 1.

Paragraph 31 in the Second Claim for Relief is squarely addressed in this court's ruling on

the related Motion for Partial Summary Judgment filed by Defendant-FTB. With respect to the 2012 and 2013 tax obligations to the State of California, the court has concluded that they are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). This Second Claim for Relief merely repeats the request for determination of the nondischargeability of this tax debt, citing to 11 U.S.C. § 523(a)(1)(B)(ii).

Here, this court has granted by Partial Summary Judgment that the 2012 and 2013 tax debts owed to California are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i) under the First Claim for Relief Stated by Plaintiff-Debtor in the First Claim for Relief.

The court having determined by Partial Summary Judgment that the 2012 and 2013 tax debts owed to the State of California are nondischargeable, and that because of the Tax Court Judgment the provisions of 11 U.S.C. § 505(a)(2)(A) has terminated the subject matter jurisdiction to "relitigate" the Federal Tax Court Judgment, the court grants the Motion and dismisses without prejudice the Second Claim for Relief.

The court dismisses the Second Claim for Relief without prejudice to ensure that the Federal Tax Court, other entity, or other person does not believe that this dismissal is with prejudice to the Plaintiff-Debtor seeking to have the Federal Tax Court Judgment vacated, amended, corrected, or otherwise adjusted. This will clearly allow Plaintiff-Debtor to seek corrections, if any, to the additional income and taxes assessed by the IRS. If corrections are made, Plaintiff-Debtor could seek, as provided under California law, to have the California income taxes assessed for the 2012 and 2013 tax years amended, corrected, or otherwise adjusted based on the changes to the Federal taxes for 2012 and 2013.[6]

**Granting of Motion and Dismissing Without Prejudice the Fourth Claim for Relief**

In the Fourth Claim for Relief (stated as "Declaratory Relief") Plaintiff-Debtor requests Declaratory Relief for the court to prospectively declare the rights of the Parties with respect to the

---

[6] At the hearing the court questioned Plaintiff-Debtor's counsel whether relief from the Tax Court Judgment would be sought in the Tax Court. Counsel indicated that they were now addressing such possible relief.

1  2012 and 2013 year tax debts assessed by the State of California.  Effectively, the Fourth Claim for
2  Relief asks the court to overrule the Tax Court Judgment and "declare" that Plaintiff-Debtor has no
3  tax liability for the car business income, and also that whatever taxes are owed are dischargeable
4  notwithstanding the provisions of 11 U.S.C. § 523(a)(2)(B)(i).  The Fourth Claim for Relief includes
5  the following allegations:

> 47. The [Plaintiff-Debtor] respectfully requests that this Court declare the tax liability for the Defendant-FTB should be discharged for the same reasons the IRS's tax liability was discharged:
>
> 48. The [Plaintiff-Debtor] respectfully requests that this Court declare the purported Defendant-FTB tax liabilities is not owed because the [Plaintiff-Debtor] does not rightly owe the taxes claimed and is not responsible for the tax liabilities therefor.
>
> 49. The [Plaintiff-Debtor] respectfully requests that this Court declare the claimed Defendant-FTB tax liabilities should be vacated because the [Plaintiff-Debtor] had no involvement in her husband's business; the [Plaintiff-Debtor] was and is not responsible for the tax liabilities incurred therefor; the taxes owed to the Defendant-FTB are dischargeable since the debts arose before the petition was filed and do not fall within any of the provisions of 11 U.S.C. § 523(a)(l); and that the Defendant-FTB's taxes should be discharged under 11 U.S.C. §727.

Complaint, pp. 7:24-8:6; Dckt. 1.

In substance, this Fourth Claim for Relief duplicates the actual determination of the disputes concerning the 2012 and 2013 taxes assessed by Defendant-FTB and the liens asserted in the First and Third Claims for Relief in the Complaint.  The court has determined by Partial Summary Judgment that Plaintiff-Debtor's California tax liabilities for the 2012 and 2013 tax years are non-dischargeable as provided in 11 U.S.C. § 523(a)(2)(B)(i).  For the California tax return, the adjusted gross income for the California return is the adjusted gross income from the Federal tax return. Thus, the adjustment having been made by the IRS increasing Plaintiff-Debtor's adjusted gross income carries through to the California tax return.  It is the IRS adjusted gross income that Plaintiff-Debtor seeks to re-litigate in the Fourth Claim for Relief.

The court has also determined by granting Partial Summary Judgment on the Third Claim for Relief that Defendant-FTB is a creditor with a secured claim for the 2012 and 2013 tax obligations of Plaintiff-Debtor pursuant to California Law.  The court not having been presented with evidence of the actual recorded lien, the court can only generally state that any such prepetition

tax liens that arise under California law are not void, but cannot identify a specific asset subject to the lien and that the lien has been perfected.

The court having determined and granted Partial Summary Judgment for Defendant-FTB that the 2012 and 2013 California tax debts are nondischargeable and that Defendant-FTB has a statutory lien on the Plaintiff-Debtor's assets, the Motion is granted and the Fourth Claim for Relief is dismissed without prejudice.

The court dismisses the Fourth Claim for Relief without prejudice to ensure that the Federal Tax Court, other entity, or other person does not believe that this dismissal is with prejudice to the Plaintiff-Debtor seeking to have the Federal Tax Court Judgment vacated, amended, corrected, or otherwise adjusted. This will clearly allow Plaintiff-Debtor to seek corrections, if any, to the additional income and taxes assessed by the IRS. If corrections are made, Plaintiff-Debtor could seek, as provided under California law, to have the California income taxes assessed for the 2012 and 2013 tax years amended, corrected, or otherwise adjusted based on the changes to the Federal taxes for 2012 and 2013.[7]

The court will issue a separate order dismissing without prejudice the Second and Fourth Claims for Relief in the Complaint.

Dated: May 29, 2025

By the Court

/s/ Ronald H. Sargis
Ronald H. Sargis, Judge
United States Bankruptcy Court

---

[7] Though dismissed without prejudice, that is not a "free ticket" to just refile the same pleadings just to "keep the bankruptcy action going." All filings in bankruptcy court, as are filings in the district court are subject to the certifications made pursuant to Federal Rule of Bankruptcy Procedure 9011 and Federal Rule of Civil Procedure 11.

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked \_\_\_\_, via the U.S. mail.

| Debtor(s) / Plaintiff-Debtor(s) | Attorney(s) for the Debtor(s) <br><br> Attorney(s) for Plaintiff-Debtor(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee <br> Robert T. Matsui United States Courthouse <br> 501 I Street, Room 7-500 <br> Sacramento, CA 95814 |
| **Attorney(s) for the Trustee** (if any) | Donny P. Lee, Esq. <br> 300 S. Spring Street, Ste. 1702 <br> Los Angeles, CA 90013 |